PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP
NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

Alan J. Kornfeld                    March 17, 2009                    akornfeld@pszjlaw.com
                                                                      212.561.7700

**BY FEDERAL EXPRESS**

The Honorable Allan L. Gropper
United States Bankruptcy Judge
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Re:    **Neilson v. Straight-Out Promotions, LLC, et al.,**
       **Adv. Pro. No. 05-02210 (ALG)**

Dear Judge Gropper:

This firm represents R. Todd Neilson, the plaintiff in the above-referenced adversary proceeding. I write in advance of the hearing scheduled for March 18, 2009 at 11:00 a.m. regarding the request by defendants Frank Warren, Edward Simons, Sports Network PLC, Sports & Leisure Boxing, and MarineTrack Holdings PLC (collectively, the "UK Defendants") to permit David McConachie, a third party witness and United Kingdom resident, to testify at trial by video-conference link. Plaintiff submits that because the UK Defendants failed to name Mr. McConachie in their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) (the "Initial Disclosures") and because the UK Defendants failed to amend their Initial Disclosures until late in the afternoon of March 17, 2009, pursuant to Federal Rule of Civil Procedure 37(c)(1), made applicable here by Federal Rule of Bankruptcy Procedure 7037, Mr. McConachie should not be permitted to testify at trial by video conference link or otherwise.

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires that "a party must, without awaiting a discovery request provide to the other parties: the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use is solely for impeachment. Fed. R. Civ. Pro. 26(a)(1)(A). Pursuant to Rule 26(a)(1)(D), such disclosures must be supplemented.

LOS ANGELES
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier Zip Code 19801)

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

DOCS_NY:17733.1



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP
NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

LOS ANGELES
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier Zip Code 19801)

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

The Honorable Allan L. Gropper
March 17, 2009
Page 2

In turn, Fed.R.Civ.Pr. 37(c)(1) provides that where such disclosures are not made, later identified witnesses will be precluded from testifying at trial:

Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the *party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial*, unless the failure was substantially justified or is harmless.

Fed. R. Civ. Pr.37(c)(1) (emphasis added).

In determining whether to preclude a witness that was not identified in a party's initial disclosures, courts in the Second Circuit look at the following factors: "(1) the party's explanation for the failure to comply with the disclosure requirement, (2) the importance of the testimony of the precluded witnesses, (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quotations omitted); *see also Pal v. New York University*, 2008 WL 2627614 at *3-4 (S.D.N.Y. June 30, 2008) (applying these factors and precluding testimony of witness who was not listed on initial disclosures and who were not identified in supplemental disclosures until after close of discovery). All of these factors militate in favor of precluding Mr. McConachie's testimony.

First, the UK Defendants have provided *no* explanation for their failure to wait until just a week before trial to disclose Mr. McConachie as a witness with relevant knowledge relating to their defenses. Similarly, they have made no showing of the importance of his testimony; indeed, the fact that they identified him so late in the game suggests that his testimony is no more than an afterthought. Third, the prejudice to Plaintiff is significant. Plaintiff's counsel has made two trips to the United Kingdom and has taken multiple depositions of the other witnesses identified in the UK Defendants' initial disclosures at considerable expense to the estate. Had Mr. McConachie been identified in the Initial Disclosures, Plaintiff would have conducted his deposition as well

PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

The Honorable Allan L. Gropper
March 17, 2009
Page 3

during one of those trips and would have had the benefit of that deposition while preparing for and conducting trial. Finally, there is no possibility of a continuance. The Court, counsel, parties, and witnesses have all cleared their schedules to begin trial next Monday; to suggest that there should be continuance at this juncture so Plaintiff can take a third expensive trip to the United Kingdom to take Mr. McConachie's deposition borders on the absurd. *See Gould v. Rexon Industrial Corp., Ltd.*, 2006 WL 2927149 at *4 (N.D.N.Y, Oct. 11, 2006 (precluding testimony where trial was less than two weeks away).

In sum, under the factors set forth by the Second Circuit in *Patterson v. Balsamico*, the UK Defendants should be precluded from introducing Mr. McConachie's testimony at next week's trial.

Respectfully submitted,

*Alan J. Kornfeld*

Alan J. Kornfeld

cc:    Lani Adler, Esq. (by email)
       Robert Michaelson, Esq. (by email)
       J. Bruce Miller, Esq. (by email))
       Beth E. Levine, Esq. (by email)